**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David ROSSMAN, Defendant–Appellant.**

**No. 90–30369.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 1991.*

Decided Aug. 5, 1991.

Jonne E. Kohler, Nampa, Idaho, for defendant-appellant.

Joanne P. Rodriguez, Asst. U.S. Atty., Boise, Idaho, for plaintiff-appellee.

Before FARRIS, ALARCON and NELSON, Circuit Judges.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**536**

PER CURIAM:

David Rossman appeals the district court's denial of his motion to dismiss as time barred an indictment charging him with making a false statement on an application for an Airman Medical Certificate in violation of 18 U.S.C. § 1001. Rossman claims the district court erred by failing to count the day on which he committed the offense in calculating the five-year limitations period. We lack jurisdiction to evaluate this claim, and we dismiss the appeal.

 28 U.S.C. § 1291 grants the federal courts of appeals jurisdiction to review "all final decisions of the district courts." With few exceptions, "interlocutory appeals are not favored." *United States v. Mehrmanesh*, 652 F.2d 766, 768 (9th Cir.1980). *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977), established that an interlocutory order warrants immediate appeal when: (1) the order constitutes a complete and final rejection by the district court of the claim the order addresses; (2) the claim is collateral to and separable from the issue of the defendant's guilt; and (3) the right asserted by the claim would be irreparably lost if appellate review were delayed until after final judgment. *United States v. Harper*, 729 F.2d 1216, 1219–20 (9th Cir.1984); *Mehrmanesh*, 652 F.2d at 768.

The Supreme Court has approved interlocutory review where appeal was taken from: (1) a ruling that a plaintiff in a stockholder's derivative action is not required to post security, *see Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949); (2) a pretrial order denying a motion to reduce bail, *see Stack v. Boyle*, 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951); (3) an order rejecting a defendant's double jeopardy claim, *see Abney*, 431 U.S. at 662, 97 S.Ct. at 2041; and (4) an order denying a defendant's claim based on the Speech and Debate Clause, *see Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979). In each case, the Court found that unless review were available before the defendant was exposed to trial, the right invoked would be substantially diluted. *See United States v. Levine*, 658 F.2d 113, 118 (3rd Cir.1981). For the same reason, we have approved interlocutory review of a claim that the separation of powers principle immunizes sitting federal judges from criminal prosecution. *United States v. Claiborne*, 727 F.2d 842 (9th Cir.), cert. denied, 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984).

 The Third and Sixth Circuits, while acknowledging that the protections conferred by the Double Jeopardy Clause and statutes of limitations are facially similar, have squarely held that a statute of limitations claim does not satisfy the third requirement of *Abney*. *Levine*, 658 F.2d at 126; *United States v. Davis*, 873 F.2d 900, 908–09 (6th Cir.1989). We agree, and so hold. "[T]he limitations statute ... creates a safeguard against unfair convictions arising from delinquent prosecutions but does not entail a right to be free from trial [and therefore] the irreparable harm criterion ... justify[ing] immediate appealability cannot be met." *Levine*, 658 F.2d at 126.

Accordingly, we lack jurisdiction to evaluate Rossman's claim, and we dismiss the appeal.

DISMISSED.