**UNITED STATES of America, Appellee,**

v.

**Sholam WEISS, Defendant–Appellant.**

**Docket No. 93–1490.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 21, 1993.

Decided Oct. 22, 1993.

Michael E. Horowitz, Asst. U.S. Atty. S.D.N.Y., New York City (Mary Jo White, U.S. Atty., of counsel), for appellee.

James R. DeVita, New York City (Melorra I. Sochet, Gallop, Dawson, Clayman & Rosenberg, New York City, of counsel), for defendant-appellant.

Before: VAN GRAAFEILAND, PRATT, and WALKER, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

This motion presents an issue of first impression in this circuit: whether a district court's pretrial order denying a defendant's motion to dismiss an indictment on statute-of-limitations grounds is immediately appealable under the "collateral order" doctrine.

## FACTS AND BACKGROUND

On October 21, 1992, a grand jury returned an indictment charging Sholam Weiss with seven counts of mail and wire fraud based on conduct that took place in late October and early November 1987. At the government's request, the indictment was sealed on the same day it was returned. Two weeks later, on November 6, 1992, the indictment was unsealed and filed.

The next month, Weiss moved to dismiss the indictment, claiming that it was barred by the five-year statute of limitations, 18 U.S.C. § 3282. Weiss argued that the government lacked a good-faith basis for requesting that the indictment be sealed and that the indictment, therefore, was not "found" within the meaning of § 3282 until the date it was unsealed, which was eleven days after the limitations period had expired. The government then requested a *nolle prosequi*, which Judge Haight denied, holding that Weiss had presented a colorable claim that a *nolle prosequi* would prejudice his ability to move to dismiss any subsequent indictment on *res judicata* grounds.

On March 17, 1993, the grand jury returned a superseding seven-count indictment, alleging essentially the same fraudulent scheme, but charging specific conduct that took place between March 1988 and July 1992. After an evidentiary hearing on Weiss's motion to dismiss the original indictment, Judge Haight denied the motion, holding that the indictment was "found" when it was returned by the grand jury, not when it was unsealed. Weiss timely appealed from Judge Haight's order.

The government now moves to dismiss Weiss's appeal, claiming that we lack jurisdiction to hear it, because the district court's order is neither a final judgment under 28 U.S.C. § 1291 nor a "collateral order" exception to the final-judgment requirement.

## DISCUSSION

Weiss argues that the district court's order falls within the "collateral order" doctrine set forth in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). *Cohen* established three criteria for determining whether an appeal may be taken from an interlocutory order. The order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); *see also Midland Asphalt Corp. v. United States,* 489 U.S. 794, 799, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989). If all three requirements are met, the order may be appealed under 28 U.S.C. § 1291 even though a final judgment has not been entered.

The government effectively concedes that the first two criteria of the *Cohen* test have been met, but claims that the third criterion has not. The question, therefore, is whether Judge Haight's order would be effectively unreviewable on an appeal from a final judgment.

In the criminal context, the Supreme Court has found denials of only three types of orders to be immediately appealable: denials of motions to reduce bail, *see Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), denials of motions to dismiss on double-jeopardy grounds, *see Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), and denials of motions to dismiss under the speech-or-debate clause, *see Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979).

Weiss argues that his motion to dismiss on statute-of-limitations grounds is analogous to a motion to dismiss on double-jeopardy grounds. He claims that the district court's denial of his motion would be unreviewable on an appeal from a final judgment, because the statute of limitations, like the double-jeopardy clause, guarantees a defendant's right not to be tried.

A "right not to be tried" has been found only in those few situations where there is "an explicit statutory or constitutional guarantee that trial will not occur". *See Midland Asphalt,* 489 U.S. at 801, 109 S.Ct. at 1499. Weiss claims that the statute at issue here contains just the type of "explicit statutory guarantee" contemplated by the *Midland Asphalt* Court. It provides:

> Except as otherwise expressly provided by law, *no person shall be prosecuted, tried, or punished* for any offense, not capital, unless the indictment is found * * * within five years next after such offense shall have been committed.

18 U.S.C. § 3282 (emphasis added). Facially, this statute lends some support to Weiss's position. The three courts of appeals that have considered this question, however, have all concluded that the statute does not guarantee a "right not to be tried" and that denials of motions to dismiss indictments on statute-of-limitations grounds are, therefore, not immediately appealable.

The third circuit first addressed this issue in *United States v. Levine,* 658 F.2d 113 (3d Cir.1981). It noted that despite facial similarities with the double-jeopardy clause, 18 U.S.C. § 3282 is more comparable to the speedy-trial clause because it accounts for the relative interests of both the state and the defendant, while the double-jeopardy clause seeks to protect only the defendant. *Id.* at 120.

The sixth circuit followed *Levine*'s reasoning in *United States v. Davis,* 873 F.2d 900 (6th Cir.), *cert. denied,* 493 U.S. 923, 110 S.Ct. 292, 107 L.Ed.2d 271 (1989). In response to the defendant's claim that the statute's "no person shall be prosecuted, tried, or punished" language established a right not to be tried, the *Davis* court noted that when § 3282 is read in its entirety, the introductory clause—"[e]xcept as otherwise expressly provided by law"—indicates that, unlike the double-jeopardy clause, it is not an absolute guarantee. *Id.* at 909.

More recently, the ninth circuit cited both *Levine* and *Davis* in holding that a statute-of-limitations claim does not satisfy the irreparable harm requirement of the "collateral order" doctrine. *United States v. Rossman,* 940 F.2d 535, 536 (9th Cir.1991).

Weiss urges us to reject the reasoning of our sister circuits and hold that the "clear language of § 3282" meets the third criterion of the *Cohen* doctrine. We decline to do so. We see no reason why the district court's order would not be effectively reviewable on an appeal from a final judgment.

Weiss does not allege that he was prejudiced by the two-week period during which the original indictment remained sealed. Instead, he claims that if the first mail-fraud indictment were to be dismissed on limitations grounds, he could then argue that his prosecution on the superseding mail-fraud indictment, including the same scheme to defraud, but different mailings, was barred by *res judicata.* His theory seems to be that the dismissal would somehow negate the existence of the scheme to defraud, which is an essential element of the crimes alleged in the second indictment. On the other hand, if we were to dismiss the appeal and the case should proceed to trial on the superseding indictment, Weiss claims that he would be deprived of ever presenting his *res judicata* argument, because the prosecution on the superseding indictment would be over before there could be any determination of the merits of the first indictment.

Even if Weiss's analysis of possible outcomes were sound, speculation as to how a possible decision, if it were to be made, might play out in the future under principles of *res judicata* cannot provide a foundation for appellate jurisdiction over this attempted interlocutory appeal. The government correctly notes that while dismissal of the indictment might be the appropriate sanction if it were time-barred, "[t]here is a 'crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges.'" *Midland Asphalt,* 489 U.S. at 801, 109 S.Ct. at 1499 (quoting *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 269, 102 S.Ct. 3081, 3085, 73 L.Ed.2d 754 (1982)). *Res judicata* does not rest upon an explicit statutory or constitutional guarantee that trial will not occur.

Moreover, we cannot conclude that Weiss's interests will be "irretrievably lost in the absence of an immediate appeal." *See Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985). Weiss, of course, will be entitled to

appeal any conviction based on the superseding indictment. On that appeal he may assert his present claims that the underlying indictment was time-barred and that a dismissal of that indictment would have, under *res judicata* principles, barred his prosecution and conviction on the superseding indictment. Those arguments would then enable this court to address the merits of Weiss's two claims and, if this court should agree with both of them, it then could vacate the conviction on the superseding indictment and dismiss both indictments.

In sum, we lack jurisdiction over Weiss's interlocutory appeal. We express no view on the merits of the district court's order, that is, at what point the indictment was "found" for the purposes of 18 U.S.C. § 3282, or on the merits of Weiss's *res judicata* argument. Those matters are better decided in the course of further proceedings in the district court and, if necessary, in this court.

## CONCLUSION

The government's motion to dismiss Weiss's appeal is granted.