# United States Court of Appeals
## For the First Circuit

---

No. 00-1005

UNITED STATES,

Appellee,

v.

JORGE L. GARIB-BAZAIN,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

---

Charles E. Fitzwilliam, Gonzalez & Torres P.S.C., Howard M. Srebnick and Black, Srebnick & Kornspan on memorandum for appellant.

---

August 30, 2000

---

**Per Curiam**.  This is an interlocutory criminal appeal from a district court order denying a motion to dismiss on statute-of-limitations grounds.  Because it is "well settled law" that such an order "is not immediately appealable under the collateral order doctrine," United States v. Pi, 174 F.3d 745, 750 (6th Cir.), cert. denied, 120 S. Ct. 74 (1999), we dismiss the appeal for lack of jurisdiction.

In connection with his employment at a medical institute in Puerto Rico, defendant Dr. Jorge Garib Bazain was indicted on two counts: conspiracy to commit program fraud, 18 U.S.C. §§ 371, 666, and perjury, 18 U.S.C. § 1623.  Prior to trial, he moved to dismiss the conspiracy count as time-barred under the applicable five-year statute of limitations.  See 18 U.S.C. § 3282.  When the district court denied that motion, defendant filed the instant appeal.  As he recognizes, such an order is immediately appealable only if it satisfies the three criteria that define the collateral-order exception: the order "must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final

-2-

judgment." Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989) (internal quotation marks omitted).

Defendant contends that, just as denials of motions to dismiss on double-jeopardy grounds satisfy these criteria, see Abney v. United States, 431 U.S. 651 (1977), so do denials of motions to dismiss on limitations grounds. With respect to the third criterion in particular, he asserts that a "right not to be tried," like the one recognized in Abney, is also involved here--a right that "would be irretrievably lost if review were postponed until trial is completed." Flanagan v. United States, 465 U.S. 259, 266 (1984). Such a right is said to derive from the language of § 3282 ("no person shall be ... tried")[1] and from the degree to which statutes of limitations and the Double Jeopardy Clause overlap in purpose.

This view runs into a wall of contrary authority. As defendant acknowledges, the four circuit courts to have addressed the issue are in agreement that the denial of a limitations defense is not immediately appealable. See,

---

[1] 18 U.S.C. § 3282 provides:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

-3-

e.g., United States v. Weiss, 7 F.3d 1088, 1089-90 (2d Cir. 1993); United States v. Rossman, 940 F.2d 535, 536 (9th Cir. 1991) (per curiam); United States v. Davis, 873 F.2d 900, 908-09 (6th Cir. 1989) (cited in Pi, 174 F.3d at 750); United States v. Levine, 658 F.2d 113, 116-29 (3d Cir. 1981). And the Supreme Court has held that denials of motions to dismiss on speedy-trial grounds are not immediately appealable. See United States v. MacDonald, 435 U.S. 850 (1978).

With rare exceptions, an interlocutory order in a federal criminal case rejecting or deferring a decision on a defense to prosecution is reviewable on appeal only if and after the defendant is convicted and sentenced. This is well settled practice in the federal courts and is based upon obvious practical considerations. In a few situations, such as double jeopardy, special reasons exist for an exception to this general rule, but the statute of limitations is an ordinary defense and it can fully and fairly be vindicated by appeal after a final judgment.

The reasoning of these four circuit courts, which defendant has not called into serious question, proves entirely persuasive. For the reasons set forth by those courts at greater length, we conclude that the denial of a

motion to dismiss on statute-of-limitations grounds is not immediately appealable under the collateral-order doctrine.[2]

<u>Dismissed for lack of jurisdiction.</u>

---

[2]   We note that, during the pendency of this appeal, defendant has gone to trial, been convicted and sentenced, and filed a separate notice of appeal from final judgment.  Our dismissal of the instant appeal has no bearing on that second appeal.  Defendant is of course free to raise the limitations issue therein.