ESTATE OF Robin Grant KENNEDY, Plaintiff–Appellee,

v.

## BELL HELICOPTER TEXTRON, INC., Defendant–Appellant,

and

## Garlick Helicopters, Inc., Defendant.

No. 00–35240.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2001.

Filed March 15, 2002.

Keith A. Kemper and Kristen K. Waggoner, Ellis, Li & McKinstry, PLLC; Franklin L. Smith and Susan Machler, Os-

born Smith, Seattle, WA, for the plaintiff-appellee Estate of Robin Grant Kennedy.

Frederick Meyers, David D. Swartling and Daniel R. Laurence, Mills Meyers Swartling, Seattle, Washington, for defendant–appellant Bell Helicopter Textron, Inc.

William V. O'Connor and Michael R. Daymude, Kern and Wooley, LLP, Los Angeles, CA, for the defendant-appellant Garlick Helicopters, Inc.

Before: WOOD, Jr.,* TROTT, and PAEZ, Circuit Judges.

Opinion by Judge WOOD, Jr.; Dissent by Judge PAEZ

WOOD, JR., Circuit Judge.

Robin Grant Kennedy was killed on November 5, 1996, when the helicopter he was piloting came apart in mid-air and crashed. At the time of the crash, Kennedy was using the helicopter for aerial logging in Washington state. The structural failure in the helicopter was caused by a fatigue crack that developed in a component of the tail boom known as the left forward vertical fin spar. Kennedy's estate ("Appellee") filed this diversity products liability lawsuit in the United States District Court for the Western District of

Washington against Appellant Bell Helicopter Textron, Inc. ("Bell Helicopter") and Garlick Helicopters, Inc. ("Garlick"). The parties filed cross-motions for summary judgment. After oral argument on all the motions, the district court issued a ruling on February 14, 2000, in which it granted Garlick's motion for summary judgment and dismissed all claims against Garlick based on a finding that Garlick was not the manufacturer of the helicopter and, as a result, could not be held liable under Washington products liability law. Bell Helicopter argued that it was entitled to summary judgment because all of the claims against it were barred by the General Aviation Revitalization Act of 1994 ("GARA"), Pub. L. No. 103–298, 108 Stat. 1552 (1994), *reprinted in* Note, 49 U.S.C. § 40101, which establishes an eighteen-year statute of repose in certain suits involving general aviation aircraft. The district court rejected Bell Helicopter's GARA defense.[1] The district court then granted partial summary judgment in favor of Appellee, finding that Bell Helicopter was the manufacturer of the helicopter and as such had a duty under Washington law to warn of design defects. The district court held that genuine issues of material fact existed as to whether Bell Helicopter did in fact fail to warn and whether the helicopter had a design defect that proximately caused Kennedy's accident.

---

* The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation. Substantial contributions were made to this opinion by the other members of the panel even though one was not in full agreement with the result reached.

1. In the district court, Appellee argued that this case fell under an exception set out in GARA § 2(b), and as a result, Bell Helicopter could not claim GARA protection. The district court granted Bell Helicopter's motion for summary judgment on this issue, holding that Appellee failed to plead its claim with

sufficient specificity as required by GARA. However, the district court stated that Appellee could move to amend its complaint to correct this deficiency if appropriate, noting that its grant of summary judgment on this issue was without prejudice. The record indicates that Appellee did not make a motion to amend its complaint in the district court. Appellee has not appealed from this district court ruling or asked the appellate court to remand the matter to allow them to replead, so we will not address the applicability of any GARA § 2(b) exception.

Despite the lack of a final judgment, Bell Helicopter filed a Notice of Appeal on March 10, 2000, challenging Garlick's dismissal, the district court's decision rejecting Bell Helicopter's GARA statute of repose defense, and the determination that it owed a duty to warn of design defects. The appeal as to Garlick was dismissed by consent of the parties. Appellee filed a motion to dismiss the remaining issues on appeal for lack of appellate jurisdiction. Bell Helicopter asserts that appellate jurisdiction exists for its GARA statute of repose claim under the collateral order doctrine. Bell Helicopter then invokes the doctrine of pendant appellate jurisdiction as grounds to support its appeal on the state law duty to warn issue. As we must, we begin our analysis with an examination of the existence of appellate jurisdiction.

■ "Section 1291 of the Judicial Code confines appeals as of right to those from 'final decisions of the district courts.'" *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 865, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (quoting 28 U.S.C. § 1291). The collateral order doctrine arises from a "practical construction" of 28 U.S.C. § 1291's final decision rule and establishes "a narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system nonetheless be treated as final." *Digital Equip. Corp.*, 511 U.S. at 867, 114 S.Ct. 1992 (internal quotations and citations omitted). In order to fall into this narrow class of immediately appealable orders, a district court decision must be conclusive, resolve important questions completely separate from the merits, and render such important questions effectively unreviewable on appeal from a final judgment in the underlying action. *Id.*

■ In the present case it is clear that the first two factors are met. The district court's order is conclusive, and, like qualified immunity accorded to government officials, the applicability of the GARA statute of repose is an important question which is resolved completely separate from the merits of the litigation. We recognize that the Supreme Court has characterized the collateral order doctrine as a narrow exception which should "never be allowed to swallow the general rule that a party is entitled to a single appeal to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp.*, 511 U.S. at 868, 114 S.Ct. 1992 (internal citations omitted). However, even under a stringent approach, *see id.* (describing the conditions for collateral order doctrine as stringent), we believe that the GARA statute of repose meets the third condition as well because it creates an explicit statutory right not to stand trial which would be irretrievably lost should Bell Helicopter be forced to defend itself in a full trial.

■ The deprivation of the right not to be tried satisfies the third collateral order condition when the right is created by an explicit statutory or constitutional guarantee that trial will not occur. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 800–01, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989); *see also Digital Equip. Corp.*, 511 U.S. at 874, 114 S.Ct. 1992. The plain language of GARA provides, absent exceptions not at issue in this appeal, "no civil action ... may be brought ... if the accident occurred—(1) after the applicable limitation period...." GARA § 2(a). As another panel of this court recently noted in considering the GARA statute of repose,

Congress decided that the economic health of the general aviation aircraft manufacturing industry depended on lifting the requirement that manufacturers abide the *possibility of litigation* for the indefinite future when they sell an

airplane. It, therefore, generally limited their exposure to accidents which occur within 18 years of the first delivery of the airplane. GARA §§ 2(a), 3.

*Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1089 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 809, 151 L.Ed.2d 694 (2002)(emphasis added).

 Appellee equates the language in GARA § 2(a) with a statute of limitations. It is well-established that interlocutory appeals are not available to address statute of limitations issues because a statute of limitations does not give rise to a right not to stand trial, but rather creates a safeguard against unfair verdicts from delinquent suits. *United States v. Rossman,* 940 F.2d 535, 536 (9th Cir.1991); *see also Digital Equip. Corp.,* 511 U.S. at 873, 114 S.Ct. 1992 ("We have, after all, acknowledged that virtually every right that could be enforced appropriately by pretrial dismissal might loosely be described as conferring a 'right not to stand trial.' Allowing immediate appeals to vindicate every such right would move § 1291 aside for claims … that the statute of limitations has run …." (citations omitted)). However, as this circuit recognized in *Lyon,* "GARA is not a statute of limitations," but rather a statute of repose, and "[t]he focus of a statute of repose is entirely different from the focus of a statute of limitations." *Lyon,* 252 F.3d at 1086. "[A] statute of repose proceeds on the basis that it is unfair to make somebody defend an action long after something was done or some product was sold. It declares that nobody should be liable at all after a certain amount of time has passed, and that it is unjust to allow an action to proceed after that." *Id.* It is clear that an essential aspect of the GARA statute of repose is the right to be free from the burdens of trial. An appeal from an adverse decision of the district court by a party claiming GARA protection falls within the collateral order doctrine, and we therefore have jurisdiction to consider Bell Helicopter's appeal.

Having satisfied ourselves that appellate jurisdiction exists, we turn our analysis to the applicability of the GARA statute of repose. Because the district court decided this issue on a motion for summary judgment, we review *de novo. Botosan v. Paul McNally Realty,* 216 F.3d 827, 830 (9th Cir.2000).

The helicopter at issue in this case was a TH–1L Navy surplus rotor craft. The TH–1L was a part of the UH–1 or "Huey" series of military helicopters. The helicopter in this case was originally manufactured by Bell Helicopter and was delivered to the United States Navy in 1970. In 1984, the Navy sold the helicopter as military surplus for civilian use. Thereafter, it was owned by a series of private entities.

Under GARA, absent exceptions not at issue in this appeal,

no civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft … in its capacity as manufacturer if the accident occurred—

(1) after the applicable limitation period beginning on—

(A) the date of delivery of the aircraft to its first purchaser or lessee, if delivered directly from the manufacturer; or

(B) the date of first delivery of the aircraft to a person engaged in the business of selling or leasing such aircraft; ....

GARA § 2(a). For GARA purposes, "the term 'limitation period' means 18 years with respect to general aviation aircraft." GARA § 3(3).

[T]he term "general aviation aircraft" means any aircraft for which a type certificate or an airworthiness certificate has been issued by the Administrator of

the Federal Aviation Administration, which, at the time such certificate was originally issued, had a maximum seating capacity of fewer than 20 passengers, and which was not, at the time of the accident, engaged in scheduled passenger-carrying operations....

GARA § 2(c).

■ The dispute in the present case concerns the event which triggers the running of the GARA limitation period. Bell Helicopter asserts that it is entitled to summary judgment because twenty-six years elapsed between its delivery of the aircraft to the Navy and Kennedy's crash. Appellee contends GARA's eighteen-year period did not begin to run until 1986, when the helicopter was first type certified and received its first airworthiness certificate. Because the helicopter began its service as a military aircraft, it was not at that time a general aviation aircraft, but rather a "public aircraft" which is defined to include aircraft "used only for the United States Government." 49 U.S.C. § 40102(a)(37). As such, the helicopter was not required to have either a type certificate or an airworthiness certificate.

Appellee correctly asserts that GARA provides a statute of repose against civil actions for damages involving general aviation aircraft. It is undisputed that, at the time of the accident, the helicopter at issue was a general aviation aircraft as defined by GARA. Therefore, the analysis turns to an examination of the term "the aircraft" as used in GARA § 2(a)(1)(A) & (B). Appellee contends that the term "the aircraft" means "the general aviation aircraft." Therefore, Appellee argues, the period of repose only begins to run on military surplus aircraft at the time at which those aircraft receive type and airworthiness certificates and thereby become general aviation aircraft. The plain language of GARA, however, supports Bell Helicopter's position that the limitations

period is triggered by the initial delivery of the aircraft, even if the aircraft cannot be considered a general aviation aircraft at that time. GARA § 2(a)(1)(A) refers only to delivery of the aircraft, not delivery of the general aviation aircraft. Under GARA § 3(1), the term "aircraft" is defined broadly as "any contrivance invented, used, or designed to navigate, or fly in, the air." GARA § 3(1) (cross-referencing 49 U.S.C. § 40102(a)(6)). Furthermore, Appellee's contention that an aircraft must meet the definition of a general aviation aircraft before the statute of repose begins to run is inconsistent with the express provisions of GARA. Under GARA, an aircraft cannot fulfill the definition of general aviation aircraft until an accident occurs because one condition which must be met in order for an aircraft to qualify as a general aviation aircraft is that it "was not, *at the time of the accident*, engaged in scheduled passenger-carrying operations as defined under [Federal Aviation Act regulations]." GARA § 2(c) (emphasis added). The helicopter at issue in this case was delivered by Bell Helicopter to its first purchaser, the U.S. Navy, in 1970. Therefore, the GARA limitations period had passed by the time of Kennedy's crash in 1996, and Appellee's claims are barred.

Because we find Appellee's claims are barred by GARA's statute of repose, we need not address the district court's finding that Bell Helicopter is the "manufacturer" under Washington products liability law and therefore owed a duty to warn of design defects. The district court's decision denying Bell Helicopter's motion for summary judgment based on the GARA statute of repose is reversed.

REVERSED.

PAEZ, Circuit Judge, dissenting:

Because I believe that, in asserting jurisdiction over this appeal from a non-final order denying summary judgment, the ma-

jority impermissibly expands the collateral order doctrine, I respectfully dissent. Our holding today carves out a special and unwarranted exception with indeterminate boundaries, with the result that any time Congress enacts a statute of repose, defendants within the covered industry wield the added advantage in litigation of piecemeal review.

The majority expands the collateral order doctrine by erroneously interpreting the General Aviation Revitalization Act ("GARA"),[1] to confer an explicit right not to stand trial, thereby equating the purpose behind the GARA statute of repose with the policies underlying doctrines like qualified immunity and double jeopardy for which we have identified explicit grants of immunity from trial. The analogy to qualified immunity is inappropriate, however, because the social costs that justify conferring immunity from suit for qualified immunity and double jeopardy claims are not present in a GARA defense. Because general aviation manufacturers may obtain full review on appeal after final judgment, we should not resort to the collateral order doctrine to entertain an appeal from a summary judgment order denying a GARA statute of repose defense.

## I.

Under 28 U.S.C. § 1291, the right to appeal is restricted to "final decisions of the district courts." The Supreme Court has limited collateral appeals to "a narrow class of decisions that do not terminate the litigation, but must ... nonetheless be treated as 'final.'" *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (internal citations omitted). In defining the scope of the collateral order doctrine, the Court identified a "strong bias of § 1291 against piecemeal appeals," *id.* at 872, 114 S.Ct. 1992, and has "described the condi-

tions for collateral order appeal as stringent," *id.* at 868, 114 S.Ct. 1992. *See also id.* at 883, 114 S.Ct. 1992 (courts must "preserve[ ] the strict limitations on review as of right under § 1291"). As the majority notes, the Court has "repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule ... that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Id.* at 868, 114 S.Ct. 1992 (internal citation omitted).

Despite the Court's admonition, the majority concludes that Bell Helicopter has overcome the heavy presumption that GARA's statute of repose defense, like most other legal defenses, is a defense to liability rather than an entitlement not to stand trial. In doing so, the majority holds that "an essential aspect" of the GARA defense "is the right to be free of the burdens of a trial" and that the defense would be "irretrievably lost absent an immediate appeal." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 524–25, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988) (internal quotations and citations omitted). Section 1291 "requires courts of appeals to view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." *Digital Equipment*, 511 U.S. at 873, 114 S.Ct. 1992. I see no indication that an essential aspect of the GARA defense is the right to be free from the burdens of trial or that the defense would be irretrievably lost absent an immediate appeal. In my judgment, the summary judgment order denying Bell Helicopter's statute of repose defense does not satisfy the third *Digital Equipment* condition, the requirement that the appealed-from order must be "effectively unreviewable on appeal from final judgment." *Id.* at 867, 114 S.Ct. 1992.

---

1. Pub. L. No. 103–298, 108 Stat. 1552 (1994)

(codified at 49 U.S.C. § 40101 note (1997)).

## II.

A government official's claim of qualified immunity is the defining example of a right that can be vindicated adequately only if pre-judgment appeal is available. *See Mitchell v. Forsyth,* 472 U.S. 511, 525–27, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Swint v. Chambers County Comm'n,* 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). In *Mitchell,* the Supreme Court reasoned that qualified immunity is not a "mere defense to liability" but rather is an "immunity from suit" and an "entitlement not to stand trial." *Mitchell,* 472 U.S. at 525, 526, 105 S.Ct. 2806. Such an entitlement "is effectively lost" if pre-judgment appeal is not permitted and a case is erroneously permitted to go to trial. *Id.* at 526, 105 S.Ct. 2806.

The majority analogizes the importance of the GARA statute of repose defense to a government official's claim of qualified immunity. Qualified immunity, however, is fundamentally distinct from the GARA statute of repose. Its protections are rooted in preventing the social costs resulting "from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson v. Creighton,* 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (internal quotations and citations omitted). These social costs include "the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office [and] the danger that fear of being sued will dampen the ardor of all but the most resolute, or the most irresponsible [public

officials], in the unflinching discharge of their duties." *Harlow v. Fitzgerald,* 457 U.S. 800, 814, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (alterations in original; internal quotations and citations omitted).

A valid double jeopardy claim under the Fifth Amendment confers immunity from suit because of similar social costs. The Double Jeopardy Clause of the Fifth Amendment "assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense." *Abney v. United States,* 431 U.S. 651, 661, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Thus, double jeopardy "protects interests wholly unrelated to the propriety of any subsequent conviction." *Id.* These social costs are conspicuously absent from the GARA statute of repose defense. GARA's purpose is not to relieve general aviation manufacturers from social costs, but rather, solely from the economic costs of product liability claims—the same type of economic costs faced by any defendant in an action alleging tortious conduct.

## III.

Not only is there lacking any special justification for inferring an immunity from suit, but the GARA statute of repose is indistinguishable from other circumstances in which we have declined to confer such immunity. The majority relies heavily on the text of GARA to distinguish it from statutes of limitations, which the courts uniformly have held do not confer immunity from suit.[2] Emphasizing that

---

**2.** In *United States v. Rossman,* 940 F.2d 535 (9th Cir.1991), a criminal defendant sought pre-judgment review of a denial of a motion to dismiss an indictment as untimely. We concluded that the order was not appealable, holding that statutes of limitations do not create an entitlement not to stand trial and can be vindicated adequately on appeal from

a final judgment. *Id.* at 536. Other circuits that have addressed the issue uniformly have reached the same conclusion, rejecting a right to prejudgment appeal to vindicate statute of limitations defenses. *See United States v. Garib–Bazain,* 222 F.3d 17, 18 (1st Cir.2000) ("the statute of limitations is an ordinary de-

GARA provides that "*no civil action . . . may be brought*" if the limitations period has run, the majority concludes that this is a clear textual indication that Congress intended not only to free general aviation manufacturers from liability, but also to confer an entitlement to be free from trial. GARA § 2 (emphasis added).

Although this argument has a superficial appeal, the majority reads too much into the quoted text. The GARA text closely parallels the text of many statutes of limitations. For example, 28 U.S.C. § 1658, which establishes the default statute of limitations period for *all* federal statutory causes of action, provides that "*a civil action* arising under an Act of Congress . . . *may not be commenced*" later than four years after the cause of action accrues. (Emphasis added). Notwithstanding that this, or similar text, is standard fare in statutes of limitations,[3] as I note above, no federal court of which I am aware has held that in using such words Congress intended to confer a guarantee against trial as well as a defense to liability. And, if courts were to hold that such text demonstrates an intent to confer a guarantee against trial, adverse rulings on statute of limitations defenses routinely would be appealable prior to trial, contrary to the Supreme Court's warning that the collateral order doctrine creates a "narrow" exception to the rule of post-judgment appeal. In my view, however, there is another, readily-available explanation for the text in question—in employing traditional text for statutes of limitations,

Congress intended only to confer a defense to liability, not immunity from suit and a collateral appeal right.

Indeed, the legislative history reveals that Congress did not intend, by enacting GARA, to make inroads into the rule of finality that it established in § 1291. The report of the House Committee on the Judiciary, which set forth the version of the bill that the Senate ultimately accepted, states that "the legislation may be viewed as a *narrow and considered* response to the 'perceived' liability crisis in the general aviation industry." H.R. Rep. No. 103–525(II) (1994) (emphasis added).

To the extent Congress' intent is evident, it appears that its principal objective in enacting GARA was to cut the "infinite-liability tail" for general aviation manufacturers. *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1086 (9th Cir.2001) *cert. denied,* —— U.S. ——, 122 S.Ct. 809, 151 L.Ed.2d 694 (2002) (emphasis added). The Committee Report clarifies that the statute limits liability by governing the materiality or admissibility of evidence within a civil action. The report states: "The bill thus makes clear that . . . the possibility of any act or omission on the part of [the] manufacturer . . . ceases to be material or admissible in any civil action. . . ." H.R. Rep. No. 103–525(II). Moreover, the statute of repose effects the congressional purpose of limiting liability—without collateral review—through its chilling effect on the filing of such suits, dismissal prior to trial or, in the rare circumstance when the trial court's

fense and it can fully and fairly be vindicated by appeal after a final judgment"); *United States v. Weiss,* 7 F.3d 1088, 1090 (2d Cir. 1993) (same); *Powers v. Southland Corp.,* 4 F.3d 223, 232 (3d Cir.1993) (same); *United States v. Pi,* 174 F.3d 745, 750 (6th Cir.1999) (same).

**3.** In *Rossman,* the particular statute of limitations at issue was the federal criminal statute of limitations for non-capital offenses. That

statute of limitations, 18 U.S.C. § 3282 (1991), provided then, as it does now, that "no person shall be prosecuted, tried, or punished" for an offense committed outside the limitations period. For purposes of determining whether a right to immediate appeal is necessary to vindicate the defenses at issue, I see no relevant distinction between the text of GARA's statute of repose and the text at issue in *Rossman.*

erroneous rejection of the defense is raised on appeal, the creation of precedent that will deter future suits. *See Swint,* 514 U.S. at 43, 115 S.Ct. 1203 (stating that "an erroneous ruling on liability may be reviewed effectively on appeal from final judgment").

The majority's reliance on statements in *Lyon,* 252 F.3d at 1089, about the injustice of allowing suits to proceed after the statutory time period has passed, does not distinguish statutes of repose from any other substantive defense. As a defense that, in effect, defines the contours of actionable conduct or events, the statute of repose defense is no different from a garden-variety defense that the plaintiff has failed to state a claim against the defendant or has failed to offer evidence sufficient to support a cause of action against the defendant. For example, the statute of repose defense is no different from a defendant's claim in a negligence action that the allegations or evidence cannot establish that the defendant was negligent—lack of negligence would prevent a cause of action from existing at all without regard to loss or injury. Indeed, it is no different from Bell Helicopter's other defense, that Bell Helicopter was not a "manufacturer" of the helicopter in question and that it therefore cannot be subject to "manufacturer" liability under the Revised Code of Washington section 7.72.030.

The Supreme Court has warned against precisely the analytical pitfall that the majority makes in failing to distinguish the GARA statute of repose from other defenses. *Swint,* 514 U.S. at 43, 115 S.Ct. 1203 ("virtually every right that could be enforced appropriately by pretrial dismissal might loosely be described as conferring a 'right not to stand trial.' ") *quoting Digital Equipment,* 511 U.S. at 873, 114 S.Ct. 1992. "Substantive" defenses such as statutes of repose, which define the contours of actionable conduct or events, ordinarily

are understood to be defenses to liability, not guarantees that trial will not occur. Accordingly, it is clear that a district court's denial of a pretrial motion asserting such a defense can be effectively reviewed on post-judgment appeal. *See Meek v. County of Riverside,* 183 F.3d 962, 968 (9th Cir.1999) (dismissing a pre-judgment appeal from denial of a public employer's defense that termination of court commissioners for political reasons never could be actionable, because the defense did not give rise to a "right not to stand trial"); *Figueroa v. United States,* 7 F.3d 1405, 1408 (9th Cir.1993) (denial of motion to dismiss for failure to state a claim is not a reviewable final order).

If there is a purpose to be served by collateral appeal in this instance, there is an alternative to undermining § 1291's rule of finality. The Supreme Court has recognized that 28 U.S.C. § 1292(b) acts as a safety valve for "serious legal questions taking the case out of the ordinary run." *Digital Equip.,* 511 U.S. at 883, 114 S.Ct. 1992. In instances when a GARA defense "involves a controlling question of law as to which there is substantial ground for difference of opinion," or when immediate appeal "may materially advance the ultimate termination of the litigation," the discretionary appeal provision of § 1292 provides a better avenue to vindicate such claims than "the blunt, categorical instrument of § 1291 collateral order appeal." *Id.*

\* \* \* \* \* \*

Section 1291 embodies a congressional directive to restrict the right of appeal to "final decisions of the district courts." 28 U.S.C. § 1291. The Supreme Court has instructed the courts of appeal to confine the collateral order doctrine to its narrowest limits. These limits are "in accordance with the sensible policy of avoid[ing] the obstruction to just claims that would come

from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." *Cunningham v. Hamilton County,* 527 U.S. 198, 203–04, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). Absent a legislative declaration of intent, or the kind of policy considerations underlying the qualified immunity and double jeopardy exceptions, we should decline to expand the collateral order doctrine to encompass an interlocutory appeal from a pretrial ruling in the application of GARA's statute of repose defense. In the event of an erroneous ruling, a general aviation manufacturer can vindicate its rights in an appeal from a final judgment. Accordingly, I would dismiss Bell Helicopter's appeal for want of jurisdiction.