Filed 7/11/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANTHONY LONGOBARDO, | |
| Plaintiff and Respondent, | G062374 |
| v. | (Super. Ct. No. 30-2018-00970710) |
| AVCO CORPORATION, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Nick A. Dourbetas, Judge. Dismissed.

Horvitz & Levy, Jason R. Litt, Curt Cutting, Scott P. Dixler; Yukevich Cavanaugh, Todd A. Cavanaugh, and Steven D. Smelser for Defendant and Appellant.

KP Law, Aghavni Kasparian, and Zareh A. Jaltorossian for Plaintiff and Respondent.

Defendant Avco Corporation, a manufacturer of airplane components, appeals from denial of its summary judgment motion, which was based on the statute of repose enacted by Congress as part of the General Aviation Revitalization Act ("GARA,"

49 U.S.C. § 40101 note). Defendant contends a denial of summary judgment in this context constitutes an appealable collateral order under California's collateral order doctrine. We conclude it does not and dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Defendant is a manufacturer of airplane components. Plaintiff, a pilot, was injured when his plane crashed after its engine failed. Plaintiff sued defendant, alleging causes of action for strict products liability, negligence, and breach of the implied warranty. Defendant moved for summary judgment, citing GARA's 18-year statute of repose. The trial court denied the motion for summary judgment, and defendant timely appealed.

Shortly after the case reached this court, we issued an order requesting briefing on whether the trial court's order was appealable. Both parties filed letter briefs addressing this issue. We subsequently conducted a hearing, giving the parties an opportunity for oral argument.

## DISCUSSION

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 696.) An order denying a motion for summary judgment is, as the name suggests, an order and not a judgment. "A trial court's order is appealable when it is made so by statute." (*Ibid*.) Code of Civil Procedure section 904.1, which lists appealable judgments and orders, does not include orders denying a motion for summary judgment. These basic principles gave rise to the well-known, long-established rule that "An order denying a motion for summary judgment is not appealable." (*Gloster v. Sonic Automotive, Inc.* (2014) 226 Cal.App.4th 438, 445.)

Meanwhile, the collateral order doctrine, as the California Supreme Court has historically described it, allows an appeal to be taken "[w]hen a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act." (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.) A similar doctrine (with the same name) exists in federal court. In federal cases, interlocutory orders are appealable as collateral orders only if they "[are] conclusive, resolve important questions completely separate from the merits, and render such important questions effectively unreviewable on appeal from a final judgment in the underlying action." (*Estate of Kennedy v. Bell Helicopter Textron, Inc.* (9th Cir. 2002) 283 F.3d 1107, 1110 (*Estate of Kennedy*).)

In federal court, a split of authority exists over whether an order denying summary judgment based on the GARA statute of repose is directly appealable under the collateral order doctrine. In *Estate of Kennedy, supra*, a divided panel of the Ninth Circuit concluded such an order was, in fact, directly appealable. The majority wrote, "like qualified immunity accorded to government officials, the applicability of the GARA statute of repose is an important question which is resolved completely separate from the merits of the litigation." (*Id.* at p. 1110.)

The Third Circuit disagreed in *Robinson v. Hartzell Propeller, Inc.* (2006) 454 F.3d 163. The court emphasized that the collateral order doctrine was a "'narrow exception'" to the ordinary rule that only final judgments are appealable, and that it contained "'stringent' requirements." (*Id.* at p. 168.)

State courts in other states, applying their own versions of the collateral order doctrine, have also reached differing conclusions. The Pennsylvania Supreme Court applied its own version of the collateral order doctrine, codified as Pennsylvania's Rule of Appellate Procedure 313(b), and held an order denying summary judgment under GARA's statute of repose was appealable. (*Pridgen v. Parker Hannifin Corp.* (2006) 588 Pa. 405.) Florida's District Court of Appeal for the First District came to the opposite

conclusion, applying its "certiorari" doctrine, which is similar to writ review in California. (*AVCO Corp. v. Neff* (2010) 30 So.3d 597.)

At first blush, this question seems easily resolved by one of the principal differences between California's version of the collateral order doctrine and the federal rule: California's unique requirement that an appealable collateral order must direct payment of money or performance of an act.[1] An order denying summary judgment does not direct payment of money or performance of an act, and therefore cannot be appealable under California's collateral order doctrine.

However, as appellant points out, one recent decision has called into question whether this element of the collateral order doctrine remains viable. In *Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, a panel of the Court of Appeal for the Second District, Division Eight, concluded this element was effectively abandoned by our Supreme Court, sub silentio, in three cases: *Meehan v. Hopps* (1955) 45 Cal.2d 213, *Southern Pacific Co. v. Oppenheimer* (1960) 54 Cal.2d 784, and *Takehara v. H.C. Muddox Co.* (1972) 8 Cal.3d 168. The court explained away later express Supreme Court restatements of the "payment of money or performance of an act" element in *In re Marriage of Skelley*, *supra*, *Bauguess v. Paine* (1978) 22 Cal.3d 626, and *I.J. Weinrot & Son, Inc. v. Jackson* (1985) 40 Cal.3d 327 as reflecting only an "apparent inconsistency" with the earlier cases. The *Muller* court also found it significant that the federal collateral order doctrine differed from California's on this point, and that the federal rule "has functioned in the federal courts without these limitations since its inception in 1949." (*Muller*, *supra*, at p. 903.)

In subsequent cases, California courts describing the collateral order doctrine have largely continued to recite all three elements, often without acknowledging the split in authority or taking a side. (See, e.g., *Sanchez v. Westlake Services, LLC*

---

[1] Pennsylvania's collateral order doctrine also omits this element. (*Pridgen*, *supra*, 588 Pa. at p. 411.)

4

(2022) 73 Cal.App.5th 1100, 1107–1108; *Dr. V Productions, Inc. v. Rey* (2021) 68 Cal.App.5th 793, 798; *Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 278; *Curtis v. Superior Court* (2021) 62 Cal.App.5th 453, 464; *Hanna v. Mercedes-Benz USA, LLC* (2019) 36 Cal.App.5th 493, 506; *Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1015–1016; *Krikorian Premiere Theatres, LLC v. Westminster Central, LLC* (2011) 193 Cal.App.4th 1075, 1084–1085.)

As an additional complication, California's summary judgment statute already provides for appellate review of denials of motions for summary judgment, but only through the writ review process.[2] (Code Civ. Proc., § 437c, subd. (m)(1).) Appellant has not provided us with a single published California case in which an order denying summary judgment, on any topic, was held to be an appealable collateral order. Nor could we find one.

We also note that California appellate courts routinely use the writ process to handle denials of summary judgment based on other statutes of repose, which would presumably implicate similar policy concerns. (See, e.g., *Hensel Phelps Construction Co. v. Superior Court* (2020) 44 Cal.App.5th 595; *Inco Development Corp. v. Superior Court* (2005) 131 Cal.App.4th 1014.)

We conclude an order denying a summary judgment motion based on the GARA statute of repose is not appealable because it does not direct the payment of money or performance of an act. In so doing, we depart from the *Muller* court. In our view, the Supreme Court has set forth a rule governing the application of the collateral order doctrine, expressly and repeatedly. Those decisions bind us unless and until the Supreme Court or the Legislature overturns them. To the extent prior Supreme Court decisions appear inconsistent, we conclude those cases create only limited exceptions to

---

[2] Defendant also filed a writ petition challenging the trial court's denial of defendant's summary judgment motion, which a different panel of this court denied.

5

the general rule.  And none of those previous cases involved a summary judgment motion or any analogous procedure.

Moreover, we disagree with the *Muller* court that the existence of a differing federal collateral order doctrine demonstrates that our rule should be the same. California's system of appealability, including its statutory writ procedure, is distinct from the federal appealability rules in many ways.  One such difference is the more limited availability of civil writ relief in federal court.  (Compare Goelz et al., Practice Guide:  Federal Ninth Circuit Civil Appellate Practice (The Rutter Group 2023) ¶ 13:155 [orders denying summary judgment almost never reviewable by writ] with Code Civ. Proc., § 437c, subd. (m)(1) [expressly authorizing writ review of orders denying summary judgment] and Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2022) ¶ 15:106 [noting availability of writ relief from orders denying summary judgment and collecting many recent published examples].)  California's more generous writ review process allows it to adopt a narrower collateral order doctrine.

Last, we fear that extending the collateral order doctrine to apply to an imprecisely defined class of orders denying summary judgment motions could lead to confusion.  Deeming an interlocutory order immediately appealable is a double-edged sword.  On the one hand, the aggrieved party gains a right to immediate appellate review. On the other, if that right is not timely exercised, the order becomes unreviewable on appeal from the final judgment.  We anticipate that, were we to hold this order appealable, it might come as a shock to lawyers and litigants in other GARA cases whose appellate rights we thereby effectively extinguished, and a matter of grave concern to lawyers and litigants in cases involving similar statutes of limitation or repose.  Even if an appeal is taken, in many cases the appellate process will result only in delay in resolution of the case.  (See *Hewlett-Packard Co. v. Oracle Corp.* (2015) 239 Cal.App.4th 1174, 1184–1186 [examining delaying effect of immediate appellate right from orders on anti-SLAPP motion].)

6

As demonstrated by cases like *Inco Development Corp. v. Superior Court* (2005) 131 Cal.App.4th 1014 and *Hensel Phelps Construction Co. v. Superior Court* (2020) 44 Cal.App.5th 595, in which the court of appeal published opinions arising from writ petitions challenging orders denying summary judgment motions based on statutes of repose, the existing writ procedure provides meaningful review for litigants like defendant.  We are skeptical that abandoning this approach would do more good than harm.  Fortunately, California law does not compel us to do so.

## DISPOSITION

The appeal is dismissed.

Plaintiff shall recover his costs on appeal.


                                        DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.