NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARINE TERMINALS
CORPORATION; PORTS INSURANCE
COMPANY,

Petitioners,

v.

DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS; STEVE
BUSSANICH,

Respondents.

No. 23-1011

Agency No. 22-0071
Benefits Review Board

MEMORANDUM[*]

On Petition for Review of an Order of the
Benefits Review Board

Submitted July 11, 2024[**]
San Francisco, California

Before: HIGGINSON, MENDOZA, and DESAI, Circuit Judges.[***]

Marine Terminals Corporation petitions for review of a Benefits Review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, 5th Circuit, sitting by designation.

Board ("Board") decision remanding claimant Steve Bussanich's motion to modify his partial disability award under the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. §§ 901, *et seq*. We lack jurisdiction to evaluate this claim and dismiss the appeal.

We only have jurisdiction over final orders of the Board. 33 U.S.C. § 921(c). Generally, a remand order from the Board is not a final order subject to appellate review. *Bish v. Brady-Hamilton Stevedore Co.*, 880 F.2d 1135, 1137 (9th Cir. 1989). Although in rare cases an otherwise nonreviewable order can be reviewed under the "collateral order" doctrine, the remand order is not a collateral order. "To warrant review under the collateral order doctrine, the order must '(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.'" *Plata v. Brown*, 754 F.3d 1070, 1075 (9th Cir. 2014) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)). A statute of limitations claim does not satisfy the requirement that a collateral order be effectively unreviewable on appeal from final judgment. *United States v. Rossman*, 940 F.2d 535, 536 (9th Cir. 1991); *see also Est. of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107, 1111 (9th Cir. 2002) ("It is well-established that interlocutory appeals are not available to address statute of limitations issues because a statute of limitations does not give rise to a right not to stand trial, but rather creates a safeguard against unfair

2

verdicts from delinquent suits."). Because 33 U.S.C. § 922 creates a limitations period for motions to modify, the remand order does not satisfy the third element of the collateral order test and is not reviewable on appeal. *See Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 134 (1997) (describing § 922 as a statute of limitations for modification). We thus lack jurisdiction over this appeal.

**DISMISSED.**