YASIN ZAIRY D/B/A AZIZ SONS, PLAINTIFF v. VKO, INC. D/B/A ARLEY CORPORATION, MICHEL OHAYON, JAMES V. McCABE, JOHN DOE, INC., AND JOHN DOE, DEFENDANTS

No. COA10-777

(Filed 21 June 2011)

**1. Appeal and Error— notice of appeal—designation of order**

There was no appellate jurisdiction to consider an order from which there was no notice of appeal. Plaintiff's notice of appeal stated that it "included but was not limited to" appeal of a different order.

**2. Appeal and Error— interlocutory orders and appeals— denial of motions to reconsider and to compel discovery**

An appeal was dismissed where the order appealed from denied motions to compel discovery and to reconsider and was interlocutory; N.C.G.S. § 1-2277(b) does not extend to motions to reconsider; the trial court did not certify the order for appeal; and plaintiff did not argue that a substantial right was affected.

ZAIRY v. VKO, INC.

[212 N.C. App. 687 (2011)]

Appeal by plaintiff from order entered on or about 1 March 2010 by Judge Ben F. Tennille in Superior Court, Guilford County. Heard in the Court of Appeals 14 December 2010.

*Gordon Law Offices, by Harry G. Gordon, for plaintiff-appellant.*

*Brooks Pierce McLendon Humphrey & Leonard, LLP, by Eric D. Johnson and Jim W. Phillips, Jr., for defendants-appellees.*

STROUD, Judge.

Plaintiff's brief presents arguments as to two orders: (1) a 16 September 2009 order granting defendants Michel Ohayon's and James McCabe's motion to dismiss and (2) a 1 March 2010 order which denied a renewed motion to compel discovery and a motion for reconsideration of the 16 September 2009 order dismissing the case as to defendants Ohayon and McCabe. Plaintiff filed a notice of appeal only from the 1 March 2010 order. For the following reasons, we dismiss.

## I. 16 September 2009 Order

[1] Plaintiff first argues that "[t]he Trial Court erred in entering the Order filed 16 September 2009 granting Defendants' Motion to Dismiss[.]" However, plaintiff failed to file a notice of appeal from this order. Plaintiff's "NOTICE OF APPEAL" provides in pertinent part that "[t]his Notice of Appeal includes but is not limited to the appeal of the March 1, 2010 Order on Motion to Renew and Motion to Reconsider." Accordingly, except for the 1 March 2010 order, plaintiff's notice of appeal fails to designate any other orders or judgments from which plaintiff has taken an appeal. *See* N.C.R. App. P. 3(d) ("The notice of appeal required to be filed and served by subsection (a) of this rule . . . shall designate the judgment or order from which appeal is taken . . . ."); *see also Dafford v. JP Steakhouse LLC,* —— N.C. App. ——, ——, —— S.E.2d ——, ——, (April 5, 2011) (No. COA10-101) (noting that "additional language in the notice of appeal as to 'all other Orders entered' by the trial court fails to 'designate the judgment or order from which appeal is taken.' N.C.R. App. P. 3(d)." (bracket omitted)). Accordingly, we do not have jurisdiction to consider plaintiff's appeal as to the 16 September 2009 order, and we must dismiss it. *See Bailey v. State,* 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) (dismissing the appeal and noting that "[i]n order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure").

ZAIRY v. VKO, INC.

[212 N.C. App. 687 (2011)]

## II. 1 March 2010 Order

**[2]** Plaintiff's notice of appeal did specifically identify the 1 March 2010 order. Plaintiff argues that the 1 March 2010 order was entered in error as to its denial (1) of plaintiff's motion to compel and (2) to reconsider the 19 September 2009 order granting the motion to dismiss. Orders denying a motion to compel and a motion to reconsider are interlocutory. *See Slaughter v. Swicegood*, 162 N.C. App. 457, 462-63, 591 S.E.2d 577, 581-82 (2004) (noting that an order denying a motion to reconsider is interlocutory); *Mack v. Moore*, 91 N.C. App. 478, 480, 372 S.E.2d 314, 316 (1988) ("As a general rule, an order compelling discovery is not immediately appealable because it is interlocutory . . . ."), *disc. review denied*, 323 N.C. 704, 377 S.E.2d 225 (1989).

> An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

> An interlocutory order is generally not immediately appealable.

> Nonetheless, in two instances a party is permitted to appeal interlocutory orders. First, a party is permitted to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits. *Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.*

*Bullard v. Tall House Bldg. Co.*, 196 N.C. App. 627, 637, 676 S.E.2d 96, 103 (2009) (citations and quotation marks omitted) (emphasis added).

Plaintiff cites to N.C. Gen. Stat. § 1-277(b) as the stated grounds for appeal. N.C. Gen. Stat. § 1-277(b) provides that "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[.]" N.C. Gen. Stat. § 1-277 (2009). However, we are unaware of any cases which extend application of N.C. Gen. Stat. § 1-277(b) to

ZAIRY v. VKO, INC.

[212 N.C. App. 687 (2011)]

a motion to reconsider. While the 16 September 2009 order granting defendants Ohayon's and McCabe's motion to dismiss is "an adverse ruling as to the jurisdiction of the court over the person[,]" *id.*, the 1 March 2010 order denying the motion to reconsider is not such an order. The 1 March 2010 order substantively denies plaintiff's request to reevaluate the trial court's 16 September 2009 order; it in no way makes any determinations as to jurisdiction. Accordingly, N.C. Gen. Stat. § 1-277(b) is not applicable to plaintiff's motion to reconsider.

Here, the trial court did not certify its 1 March 2010 order for appeal, and thus plaintiff's only other route to appeal would be that a substantial right has been adversely affected. *See Bullard*, 196 N.C. App. at 637, 676 S.E.2d at 103. Plaintiff fails to argue that a substantial right was affected. Accordingly, we dismiss the appeal as to the 1 March 2010 order. *See id.* at 639, 676 S.E.2d at 104 (dismissing appeal and noting that the trial court did not certify the appeal); *see Slaughter*, 162 N.C. App. at 462-63, 591 S.E.2d at 581-82 (dismissing appeal after noting that parties failed to argue why this Court should consider interlocutory appeal).

III. Conclusion

For the foregoing reasons, we dismiss plaintiff's appeal.

DISMISSED.

Judges BRYANT and BEASLEY concur.